**William Coben LIFFICK, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–04–00179–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

June 9, 2005.

Randy Martin, Houston, for appellants.

Amanda Joy Peters, Houston, for appellees.

Panel consists of Justices YATES, ANDERSON, and HUDSON.

## OPINION

JOHN S. ANDERSON, Justice.

Appellant, William Coben Liffick, Jr., was charged by information with possession of less than two ounces of marijuana. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(a)(b)(1) (Vernon 2003). Appellant filed a motion to suppress the marijuana claiming it was illegally obtained from a warrantless search of his vehicle. After his motion was denied, appellant entered a plea of no contest pursuant to a plea agreement. The trial court deferred adjudication of guilt, assessed a $300 fine, and placed appellant on community supervision for one year. In one point of error, appellant contends the trial court erred by overruling his motion to suppress. We affirm.

## I. FACTUAL BACKGROUND

Appellant is the owner of a bar named "What's Left." Appellant's bar is licenced by the Texas Alcohol and Beverage Commission to sell alcoholic beverages. On July 24, 2003, three Texas Alcohol and Beverage Commission agents went to "What's Left" to speak with appellant about an illegal raffle he was promoting at the bar. The agents saw appellant drive into and park in the bar's parking lot, exit his vehicle, and walk to the tailgate area of his truck. The agents approached appellant, and one of the agents, Sergeant Dill, immediately noticed "small green leafy substances" on the outside of appellant's pants. Dill, believing the leaves were marijuana, grabbed one of the leaves and showed it to Agent Roskey, who confirmed Dill's suspicion. The third agent, Agent Francois, smelled the odor of burnt marijuana coming from appellant and saw several flakes of what he believed to be mari-

juana on appellant's pants.[1] After the agents identified the marijuana, appellant dusted the remaining leaves and seeds off of his pants and was detained.

Immediately thereafter, Agent Roskey walked to appellant's driver's side door and smelled the odor of burning marijuana coming from inside. Agent Roskey then opened the trucks's door, saw seeds and leaves that he believed to be marijuana on the carpet and seats, and found a plastic bag filled with marijuana in appellant's center console.

## II. DENIAL OF MOTION TO SUPPRESS

In his sole point of error, appellant contends the trial court erred in overruling his motion to suppress. Specifically, appellant argues the "automobile exception" does not apply to this case because his vehicle was not parked on a public street.

### A. Standard of Review

■ In reviewing the trial court's ruling on a motion to suppress, we apply a bifurcated standard of review. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex.Crim.App. 2000). We give almost total deference to the trial court's determination of historical facts that depend on credibility and· demeanor, but conduct a *de novo* review of the trial court's application of the law to facts if resolution of those ultimate questions does not turn on an evaluation of credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997); *see Carmouche*, 10 S.W.3d at 327. Furthermore, we will sustain the trial court's ruling admitting the evidence if the ruling is reasonably supported by the record and correct on any theory of law applicable to the case. *Laney v. State*, 117

S.W.3d 854, 857 (Tex.Crim.App.2003). This is so even if the decision is correct for reasons different from those espoused at the hearing. *Id.*

### B. Automobile Exception

■ The federal and state constitutions both guarantee the right to be secure from unreasonable searches and seizures. *See* U.S. Const. amend. IV; Tex. Const. art. I, § 9; *see also* Tex.Code Crim. Proc. Ann. art. 38.23(a) (Vernon Supp.2004) (forbidding any evidence obtained in violation thereof to be admitted against an accused). This fundamental right is preserved by a requirement that searches be conducted pursuant to a warrant issued by an independent judicial officer. *California v. Carney*, 471 U.S. 386, 390, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985). As a result, searches conducted without a warrant are unreasonable *per se*, subject to a few specifically established and well delineated exceptions. *Minnesota v. Dickerson*, 508 U.S. 366, 372, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993); *McGee v. State*, 105 S.W.3d 609, 615 (Tex.Crim.App.2003). The State bears the burden to show the warrantless search falls within one of these exceptions. *McGee*, 105 S.W.3d at 615.

■ At issue in this case is the applicability of the "automobile exception" to the warrant requirement in the Fourth Amendment to the United States Constitution. The automobile exception permits officers to conduct a warrantless search of a motor vehicle if the officer has probable cause to believe the vehicle contains evidence of a crime. *Chambers v. Maroney*, 399 U.S. 42, 48–49, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *see Powell v. State*, 898 S.W.2d 821, 827 (Tex.Crim.App.1994); *Amos v. State*, 819 S.W.2d 156, 160–61

---

1. All three agents testified they had received drug recognition training prior to appellant's arrest.

(Tex.Crim.App.1991). A warrantless search of an automobile based on probable cause is justified under the United States and Texas Constitutions because a vehicle can be quickly moved out of the location or jurisdiction in which the warrant must be sought, making obtaining a warrant impractical. *See Scott v. State*, 531 S.W.2d 825, 827 (Tex.Crim.App.1976). In *Carney*, 471 U.S. at 392–93, 105 S.Ct. 2066, the United States Supreme Court gave two justifications for the automobile exception: "First, the vehicle is obviously readily mobile by the turn of an ignition key, if not actually moving. Second, there is a reduced expectation of privacy stemming from its use as a licensed motor vehicle subject to a range of police regulation inapplicable to a fixed dwelling."

Appellant does not argue the agents lacked probable cause to search his vehicle. Instead, appellant argues the automobile exception does not apply to this case because his vehicle was not parked on a public street. As his only authority, appellant relies on two cases applying the automobile exception as applied to vehicles parked on a public street, and contends the exception is inapplicable here because his vehicle was parked on appellant's private premises and not on a public street. *See Miller v. State*, 11 S.W.3d 345, 348 (Tex.App.-Houston [14th Dist.] 1999, pet. ref'd); *Martin v. State*, 780 S.W.2d 497, 500 (Tex.App.-Corpus Christi 1989, pet. denied). However, contrary to appellant's assertion, the fact that appellant's vehicle was not parked on a public street does not automatically render the automobile exception inapplicable. Instead, the automobile exception applies when the vehicle "is found stationary in a place *not regularly used for residential purposes* " and is readily capable of being used on the highways. *See Miller*, 11 S.W.3d at 348 (citing *Carney*, 471 U.S. at 392–93, 105 S.Ct. 2066) (emphasis added); *Martin*, 780 S.W.2d at 500 (quoting *Carney*, 471 U.S. at 392–93, 105 S.Ct. 2066) (emphasis added).

Here, the evidence shows appellant's vehicle was found stationary in a private parking lot of a bar owned by appellant. The record does not indicate, and appellant does not claim, his bar is a place regularly used for residential purposes. Appellant's truck was readily capable of being used on the highways because the agents witnessed appellant driving the vehicle shortly before he was arrested. *See Miller*, 11 S.W.3d at 348 (finding vehicle capable of being used on a highway since the vehicle was not continuously at the same location). Thus, appellant's vehicle was found stationary in a place not regularly used for residential purposes and was readily capable of being used on the highways. These facts justify application of the automobile exception and permit the search of appellant's vehicle without a warrant. *Carney*, 471 U.S. at 392, 105 S.Ct. 2066.

We hold the trial court did not err in overruling appellant's motion to suppress because the State met its burden to show the warrantless search of appellant's vehicle was authorized under the automobile exception to the Fourth Amendment requirement of a warrant. We overrule appellant's sole point of error.

### III. CONCLUSION

Because we have overruled appellant's sole point of error, we affirm the judgment of the trial court.