Affirmed and Memorandum Opinion filed August 24, 2006








Affirmed
and Memorandum Opinion filed August 24, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00444-CR

____________

 

BERTHENIA WILLIAMS HALL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 337th
District Court

Harris County, Texas

Trial Court Cause No. 987,670

 



 

M E M O R A N D U M  O P I N I O N

Appellant,
Berthenia Williams Hall, was convicted by a jury of the felony offense of being
in possession of cocaine.  Her punishment was enhanced with two prior felony
convictions, and the jury assessed appellant=s punishment at thirty-five years in
the state penitentiary.  In one point of error, appellant contends the trial
court abused its discretion by overruling her motion to suppress evidence
seized pursuant to a warrantless search of her purse.  We affirm.








According
to testimony elicited at the pretrial hearing on  appellant=s motion to suppress, Deputy Raymond
Parker was dispatched to a TJ Maxx store in Harris County, Texas.  Upon his
arrival, Deputy Parker observed two officers detaining appellant and another
female, Margaret Florence.  Deputy Parker spoke with Jamar Hayes, a loss
prevention officer for the store, and Mark Zeno, another witness.  Hayes
advised Deputy Parker that he witnessed appellant and Florence stealing shirts
from the store.  Hayes also said appellant then ran to a Mitsubishi Galant with
the merchandise and started the car. Deputy Parker spoke with appellant and
requested her identification.  Appellant responded she had no identification,
but identified the Galant as her vehicle. 

After
speaking with appellant, Deputy Parker looked in the window of the Galant and
observed purses and clothing on the backseat with price tags attached.  He
retrieved a purse from the back floorboard and opened it, finding appellant=s identification along with two clear
baggies containing a cream-colored substance that later tested positive for
cocaine.  Deputy Parker then arrested appellant on charges of robbery and
possession of cocaine.  He also testified that pursuant to a lawful arrest, it
is police policy to impound the vehicle and complete an inventory for safety
and security purposes.  

Appellant
filed a motion to suppress the cocaine seized from her purse, claiming the
search and seizure were unreasonable and violated the Fourth and Fourteenth
Amendments of the United States Constitution as well as Article I, Section 9 of
the Texas Constitution.  Specifically, appellant claimed the search was not
justified by probable cause to arrest, by consent to search, or by a warrant. 
The State countered that the resulting search was incident to a lawful arrest
as well as a routine inventory search of the vehicle. because Deputy Parker had
probable cause to arrest appellant for robbery.  The trial court denied
appellant=s motion to suppress. 








In her
sole point of error, appellant contends the trial court abused its discretion
by denying her motion to suppress.  When reviewing a trial court=s ruling on a motion to suppress, we
will reverse only for an abuse of discretion.  Long v. State, 823 S.W.2d
259, 277 (Tex. Crim. App. 1991).  The trial court is the sole trier of fact,
therefore, we must view the evidence in a light most favorable to the trial
court=s ruling, giving almost total
deference to the trial court=s determination of facts dependent upon credibility and
demeanor.  Villareal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App.
1996).  We review de novo any mixed questions of law and fact that do not turn
on an evaluation of credibility and demeanor.  Laney v. State, 117
S.W.3d 854, 857 (Tex. Crim. App. 2003).  As a result, we must sustain the trial
court=s decision if the ruling is correct
on any theory of law reasonably applicable to the case and supported by the
record.  Id.

Although
police officers generally must have a warrant to arrest, arrests outside the
home are constitutionally valid if they are supported by probable cause.  Anderson
v. State, 932 S.W.2d 502, 506 (Tex. Crim. App. 1996) (citing New York v.
Harris, 495 U.S. 14, 18 (1990)).  Probable cause to arrest exists where
police have reasonably trustworthy information warranting a reasonable person
to believe that a person has committed or is committing a crime.  McGee v.
State, 105 S.W.3d 609, 614 (Tex. Crim. App. 2003).  Anything a
person knowingly exposes to the public is not within the zone of privacy
subject to Fourth Amendment protection.  Katz v. U.S., 389 U.S. 347, 351
(1967); see also Rodriguez v. State, 653 S.W.2d 305, 307 n.4 (Tex.
Crim. App. 1983).  This plain view doctrine provides an exception to the
general warrant requirement:  If law enforcement officials have a right to be
where they are, and it is immediately apparent that the item seized constitutes
evidence of criminal activity, its seizure is legal.  Ford v. State, 179
S.W.3d 203, 211 (Tex. App.CHouston [14th Dist.] 2005, pet. ref=d).

Here,
Deputy Parker corroborated information from both the complainant, Hayes,  and
the witness, Zeno, that appellant stole merchandise, ran to her vehicle, threw
the stolen goods in the backseat, and got into the driver=s seat.  Appellant identified her
vehicle to Deputy Parker, and he observed suspicious clothing with tags
attached in plain view through the car window.  We find probable cause existed
to arrest appellant. 








Once an
officer has probable cause to arrest, he may contemporaneously search the
passenger compartment and any containers within the vehicle incident to that
arrest.  Williams v. State, 726 S.W.2d 99, 100_101 (Tex. Crim. App. 1986) (citing New
York v. Belton, 453 U.S. 454, 460 (1981)).  A Acontemporaneous@ search may take place immediately
before or after the arrest, as long as probable cause to arrest is established
before the search is conducted.  See id. (finding probable cause to
arrest driver justified search of bag on floorboard of vehicle, even though
search occurred prior to arrest).  A peace officer may search the vehicle even after
the arrestee has been removed.  Strong v. State, 138 S.W.3d 546, 555
(Tex. App._Corpus
Christi 2004, no pet.) (citing Thornton v. United States, 541 U.S. 615,
621B22 (2004)).

Accordingly,
Deputy Parker was justified in searching appellant=s vehicle incident to her arrest,
regardless of whether he conducted the search before or after the arrest, or
whether appellant was inside the vehicle.  His subjective intent when
conducting the search is irrelevant to the validity of a search incident to a
lawful arrest, as long as it is contemporaneous to that arrest.  Williams,
726 S.W.2d at 101.  We find this search was valid pursuant to a lawful arrest. 








            Although
further analysis is not necessary to determine the validity of the search, we
note here that the search was also valid based on the automobile exception to
the search warrant requirement.  This exception allows an officer with probable
cause to conduct a warrantless search of a vehicle that contains evidence of a
crime.  Miller v. State, 11 S.W.3d 345, 348 (Tex. App._Houston [14th Dist.] 1999,
pet. ref=d).  The justifications for a
warrantless search of an automobile based on probable include both the mobile
nature of vehicles and a reduced expectation of privacy in vehicles.  Liffick
v. State, 167 S.W.3d 518, 521 (Tex. App._Houston [14th Dist.] 2005, no pet.) (citing
California v. Carney, 471 U.S. 386, 390B91 (1985)).  As described above,
Deputy Parker established probable cause to search appellant=s vehicle and any containers that
could reasonably contain evidence of the robbery.  The search was also
justified under the automobile exception.[1]


We find
the search and seizure at issue were valid and the trial court did not abuse
its discretion in denying appellant=s motion to suppress. The trial court=s judgment is affirmed.

 

 

 

 

 

/s/        J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered and Memorandum
Opinion filed August 24, 2006.

Panel consists of Justices Hudson,
Fowler, and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 









[1]  Although we recognize appellant also argues the
search is invalid under the inventory exception, we do not address that
argument because we affirm the trial court=s
judgment on other theories, addressed above.