Affirmed and Memorandum Opinion filed April 1, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-00863-CR

___________________

 

Clarence Graham, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 338th District Court

Harris County,
Texas



Trial Court Cause No. 1162590

 



 

 

MEMORANDUM OPINION

            Appellant
Clarence Graham was convicted of aggravated robbery by a jury and sentenced to
forty years’ imprisonment.  Appellant raises two issues on appeal, alleging that
the trial court erred by denying his pre-trial motions to suppress (1) his
written custodial statement given to police, and (2) evidence seized after his
arrest.  We affirm.  

                                                                                                                 
I.           
Factual and Procedural Background

At the time of the aggravated robbery, complainant
Michael Castleberry—a long-haul trucker—was transporting cargo from Kentucky to
a warehouse in Houston.  Castleberry arrived in Houston late one evening, and
decided to spend the night in his tractor trailer outside the delivery
warehouse and wait until morning to unload his cargo.  Later that evening, two
armed men approached Castleberry’s parked truck, told him they were taking his
cargo load, and threatened his life.  Castleberry was forced into the sleeper
cab of his truck where his feet and hands were bound with duct tape, and his
head was wrapped with tape covering his eyes.  After some time, one of the men
drove Castleberry’s truck to another location, where the trailer was unhooked and
connected to another truck.  The men also moved Castleberry into the new
truck.  This truck was driven to yet another location where the men eventually
stopped.  The men kept Castleberry inside the second truck and repeatedly
threatened his life and assaulted him.  Throughout the evening, Castleberry
overheard the driver make several phone calls in an effort to have someone pick
up the stolen trailer.  The next morning, Castleberry tried to convince his
assailants that his boss would call the police if he was not allowed to call
and check in.  The men disengaged the trailer from the truck and drove
Castleberry back to where his truck had been left the previous evening.  Castleberry
was dropped off on the curb next to his truck, and the two men drove away. 
Castleberry pulled the tape from his body and was eventually able to flag down
a passing driver, who called 911 on his behalf.  Police arrived at
Castleberry’s location and he recounted the events of the previous night.  Castleberry
informed police that, in addition to the trailer, the men stole several
personal items from him, including his wallet, a Zippo lighter, and a cell phone. 


The stolen trailer was located a few hours after
Castleberry’s release through a GPS tracking device located in the trailer.  It
was recovered at a warehouse operated by Alfredo Pastrana, who informed police
that appellant called him early that morning asking if he could have a cargo
load transferred from one trailer to another.  Pastrana agreed, and appellant
left the trailer at the warehouse before any of Pastrana’s employees arrived
for work.  After learning appellant’s identity, police placed his picture in a
photo array.  When Castleberry arrived at Pastrana’s warehouse to claim the
stolen trailer, he positively identified appellant from the photo array as one
of the men who robbed him.  Officers then instructed Pastrana to call appellant
and have him return to the warehouse.  Later that morning, officers noticed a
Cadillac Escalade drive past the warehouse.  A license plate check revealed
that the vehicle was registered in appellant’s name.  Officers then attempted
to find appellant, but he could not be located.  Approximately two hours later,
the Escalade passed by the warehouse again.  Sergeant R.C. Buchert and Officer
Todd Janke—two of the Houston Police Department officers present at Pastrana’s
warehouse—entered separate unmarked vehicles and began following appellant.  The
Escalade was eventually stopped, and appellant and the vehicle’s passenger were
apprehended.  Officers recovered Castleberry’s missing lighter and cell phone
after appellant’s apprehension.   Appellant was then arrested and transported
to the police station, where he gave a written statement admitting his
involvement in the robbery.  

Prior to trial, appellant submitted a motion to
suppress his written statement and a second motion to suppress all evidence
obtained after his arrest.  The trial court held a suppression hearing outside
the presence of the jury, and denied both motions.  Appellant’s statement and
the evidence obtained after his arrest were admitted at trial.  The jury
convicted appellant and sentenced him to forty years’ confinement after he pled
“true” to an enhancement paragraph alleging a prior conviction for aggravated
robbery.  Appellant raises two issues on appeal.  His first issue alleges the
trial court erred in denying his motion to suppress his custodial statement
because the statement was not voluntarily given.  His second issue alleges the
trial court erred in denying his motion to suppress all evidence obtained after
his arrest because the police lacked probable cause to arrest him without a
warrant.  

                                                                                                                                                                 
II.           
Analysis

    A.           
Standard of Review

We review a trial court’s ruling on a motion to
suppress evidence for an abuse of discretion.  Swain v. State, 181
S.W.3d 359, 365 (Tex. Crim. App. 2005).  We must view the evidence in the light
most favorable to the trial court’s ruling.  Wiede v. State, 214 S.W.3d
17, 24 (Tex. Crim. App. 2007).  At a suppression hearing, the trial judge is
the sole trier of fact and assesses the witnesses’ credibility and the weight
to give witnesses’ testimony.  Id. at 24–25.  We afford “almost total
deference to a trial court’s determination of historical facts” and review the
trial court’s application of search-and-seizure law to the facts de novo.  Carmouche
v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000) (quoting Guzman v.
State, 995 S.W.2d 85, 88–89 (Tex. Crim. App. 1997)).  When the trial court
makes no explicit findings of historical fact, we review the evidence in the
light most favorable to the trial court’s ruling and assume that the trial
court made implied findings of fact supported by the record.  See id. at
327–28.  We will sustain a trial court’s ruling if it is reasonably supported
by the record, and is correct on any theory of law applicable to the case.  Villarreal
v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996).  

In reviewing a trial court’s suppression ruling, we
generally consider only evidence adduced at the suppression hearing, because
the ruling was based on it rather than evidence introduced later.  See Rachal
v. State, 917 S.W.2d 799, 809 (Tex. Crim. App. 1996); Turner v. State,
252 S.W.3d 571, 577 (Tex. App.—Houston [14th Dist.] 2008, pet. ref’d).  However,
when the parties relitigate the suppression issue at trial, either without
objection or with subsequent participation by the defense, we consider all
evidence from both the pre-trial hearing and the trial in reviewing the trial
court’s determination.  See Gutierrez v. State, 221 S.W.3d 680, 687
(Tex. Crim. App. 2007); Turner, 252 S.W.3d at 577.  Here, because the
State and appellant relitigated the suppression issue at trial, we consider the
evidence presented both at the suppression hearing and at trial.  

     B.           
Admissibility of Appellant’s Written Statement

In his first issue, appellant alleges that the trial
court erred in denying his motion to suppress his written custodial statement. 
He argues that his statement was coerced and involuntary because “[s]omeone who
needs glasses to read cannot execute a written statement by reading it.”  According
to testimony at the suppression hearing and at trial, appellant was interviewed
by Buchert, Janke, and another officer the evening of his arrest.  Buchert
testified that he informed appellant of his constitutional Miranda
rights, and of his right to terminate the interview at any time.  Buchert
stated that appellant indicated he understood and effectively waived his
rights.  Appellant then provided an oral statement admitting his involvement in
the robbery while Buchert transcribed appellant’s words.  Appellant claimed
Buchert fabricated the incriminating portions of the statement, but Buchert
asserted that he provided an accurate and truthful summation of appellant’s statement. 
Appellant was given a printed copy of the completed statement that included the
constitutional warnings given by Buchert.  Buchert asked appellant to read the
first warning orally, and, according to Buchert, appellant complied without
difficulty.  Appellant placed his initials in a space provided to indicate he
understood and waived each of his rights and signed the statement.  Appellant
admitted initialing and signing the statement, but contended he did so only
because the officers repeatedly threatened his life if he did not sign.  He
also stated that he continuously requested a lawyer, but his requests were
denied.  Both Buchert and Janke denied threatening or coercing appellant in any
manner, and stated that appellant never invoked his right to counsel. 
Appellant also testified at the hearing and at trial that he could not read the
statement because he did not have his glasses in the interview room, but there
was no evidence that he informed police he could not read without his glasses. 


The statement of an accused may be used against him
if it appears it was freely and voluntarily made without compulsion or
persuasion.  Tex. Code Crim. Proc. Ann.
art. 38.21 (Vernon 2005).  When the voluntariness of a confession is
challenged, the trial court must make an independent determination in the
absence of the jury as to whether the statement was voluntarily made.  See
Tex. Code Crim. Proc. Ann. art.
38.22, § 6 (Vernon 2005); Alvarado v. State, 912 S.W.2d 199, 211
(Tex. Crim. App. 1995) (citing Jackson v. Denno, 378 U.S. 368, 380
(1964)).  At this hearing, the State has the burden of proving by a
preponderance of the evidence that the statement was voluntary.  Alvarado,
912 S.W.2d at 211.  The determination as to whether a confession was
voluntary must be analyzed by examining the totality of the circumstances.  Delao
v. State, 235 S.W.3d 235, 239 (Tex. Crim. App. 2007).  We do not disturb
the court’s ruling unless there is a clear abuse of discretion.  Alvarado,
912 S.W.2d at 211.  After determining whether a statement was voluntarily
given, the trial court is to provide findings of fact and conclusions of law as
a basis for its determination.  Tex.
Code Crim. Proc. Ann. art. 38.22, § 6.  

Here, the trial court did not enter written findings
of fact or conclusions of law; however, the record does contain the following
statements made by the trial court at the conclusion of the suppression
hearing:

The Court finds that the officers who testified have
complied with Article 38.22 in its requirements.  The Court finds that those
requirements were adhered to; that the statement was voluntarily given; and
therefore, will be admissible for purposes of trial.  

The Court finds, for purposes of the hearing, the testimony
of the officers to be credible.  The Court finds the testimony of [appellant]
not credible with regard—with respect to that hearing.

These statements satisfy the
findings of fact and conclusions of law required by the Code of Criminal
Procedure.  See Murphy v. State, 112 S.W.3d 592, 601 (Tex. Crim. App.
2003) (noting that Article 38.22 is satisfied when a trial court
dictates its findings and conclusions to the court reporter, and those findings
are later transcribed and made part of the appellate record); see also Busby
v. State, 253 S.W.3d 661, 669 (Tex. Crim. App. 2008).  

The trial court chose to believe the version of
events given by Buchert and Janke after evaluating the credibility and demeanor
of the officers and appellant.  According to the officers’ testimony at the
suppression hearing and at trial, appellant knowingly and voluntarily waived
his constitutional rights, read a portion of these rights orally with no
problems, never asked for an attorney, and never requested reading glasses or
stated that he could not read or comprehend his statement without glasses. 
After reviewing the trial court’s findings and the totality of the
circumstances surrounding the record, we cannot say that the trial court abused
its discretion by denying appellant’s motion to suppress his custodial
statement.  See Wyatt v. State, 23 S.W.3d 18, 24–25 (Tex. Crim. App.
2000) (holding a confession was voluntarily given under the totality of the
circumstances, despite defendant’s testimony that officers coerced his
statement, ignored his requests for an attorney, and that he was unable to read
his statement without glasses); Colgin v. State, 132 S.W.3d 526, 530–31
(Tex. App.—Houston [1st Dist.] 2004, pet. ref’d) (finding appellant’s statement
was voluntarily given, where appellant contended that police ignored his
request for an attorney, failed to discontinue his interview despite his
statement that he was tired and wanted to rest, and did not allow him to use
his reading glasses before signing his statement).  We therefore overrule
appellant’s first issue.  

     C.           
Admissibility of the Evidence Seized after Appellant’s Arrest

In his second issue, appellant contends that the
trial court erred by denying his motion to suppress evidence because he was unlawfully
arrested without a warrant.[1] 
Appellant argues that he was doing nothing more than “travel[ling] from one
place to another” by driving past Pastrana’s warehouse.  Thus, he argues, the
police lacked probable cause to stop and arrest him, and all evidence seized
after his arrest, including his custodial statement, was illegally obtained.  See
Tex. Code Crim. Proc. Ann. art.
38.23(a) (Vernon 2005) (stating that illegally obtained evidence may not be
admitted into evidence against an accused at trial).  

Buchert and Janke testified that they followed
appellant in separate unmarked vehicles—Buchert in a Pontiac Grand Prix and
Janke in a Dodge pick-up—after appellant’s vehicle passed Pastrana’s warehouse
a second time.  While following the Escalade, Buchert and Janke observed appellant
commit several traffic violations.  After traveling the wrong way down a
one-way street, appellant’s vehicle was blocked in a parking lot by Buchert and
Janke.  The officers exited their vehicles, identified themselves as police
officers, and approached the Escalade with drawn weapons.  Janke removed
appellant from the driver’s side of the vehicle, while Buchert removed the
passenger.  Buchert found Castleberry’s lighter in the passenger’s pocket and,
on the Escalade’s console, officers observed a cell phone matching the one
stolen from Castleberry and a business card with a hand-written note
referencing a liquor trailer.  By this time, marked units had arrived at the
scene, and appellant and the passenger were placed inside police vehicles. 
Officers searched the Escalade, and found two rolls of duct tape in the rear
part of the vehicle.  

Appellant testified that he was driving to Pastrana’s
warehouse to pick up a paycheck for cargo he had previously hauled for
Pastrana.  He stated he did not stop the first time he passed the warehouse because
he did not see Pastrana’s vehicle parked outside.  After returning to the
warehouse a few hours later, appellant claimed he did not stop because a Dodge
pick-up nearly rear-ended the Escalade.  He stated that he began driving to a
police station because he was afraid he was going to be robbed, and that he did
not know the Dodge’s driver was a police officer because the truck was unmarked. 
Appellant testified that he was forced to turn the wrong way down a one-way
street because the Dodge rear-ended him after he exited the freeway.  He also
stated that he did not know the men who exited the Dodge and the Pontiac were
police officers because they were not in uniform.  Janke confirmed that neither
Buchert nor himself were in uniform, but stated that he was wearing a Houston
Police Department jacket at the time.  After Janke removed appellant from the
Escalade, appellant stated that Janke forcibly threw him to the ground, made
several threats and racial epithets, and dug his knee into appellant’s back
while handcuffing him.  Janke denied these allegations and denied ever
rear-ending appellant’s vehicle.  Photos taken after appellant’s arrest did not
show any markings on the Escalade consistent with being rear-ended by another
vehicle.  

When a motorist commits a traffic violation in a
peace officer’s presence, the officer has probable cause to lawfully stop and
arrest or detain the violator.  See Tex.
Code Crim. Proc. Ann. art. 14.01(b) (Vernon 2005); Tex. Transp. Code Ann. § 543.001
(Vernon 1999); Garcia v. State, 827 S.W.2d 937, 944 (Tex. Crim. App.
1992); Vafaiyan v. State, 279 S.W.3d 374, 380 (Tex. App.—Fort Worth
2008, pet. ref’d) (stating that violation of Texas traffic laws constitutes
probable cause to arrest the violator).  At the suppression hearing and at
trial, Buchert and Janke testified that they observed appellant commit several
traffic violations, including: (1) failure to stop for a red light, see Tex. Transp. Code Ann. § 544.007(d)
(Vernon 1999), (2) failure to stop at a stop sign, see id. § 544.010
(Vernon 1999), (3) improperly driving on a highway shoulder, see id. § 545.058
(Vernon 1999), and (4) driving against the flow of one-way traffic, see id.
§ 545.059(b) (Vernon 1999).  Appellant consistently testified that any
traffic violations he may have committed were the result of Janke rear-ending
his vehicle, and the officers consistently testified that they never rear-ended
the Escalade.  As the sole judge of the witness’ credibility at the suppression
hearing, the trial court could believe the officers’ testimony and disbelieve
appellant.  See Wiede, 214 S.W.3d at 24–25.  Although the trial court
did not make findings of fact, the record supports a conclusion that officers
had probable cause to arrest appellant based on his numerous traffic
violations.  See Carmouche, 10 S.W.3d at 327–28 (stating that we assume
the trial court made implied findings of historical facts supported by record
evidence); see also, e.g., Vafaiyan, 279 S.W.3d at 380
(recognizing that peace officers may arrest motorists who commit traffic
violations in the officers’ presence).  

Police may perform a warrantless search of a vehicle
incident to a recent occupant’s arrest only if the arrestee is within reaching
distance of the passenger compartment at the time of the search, or it is
reasonable to believe the vehicle contains evidence of the offense of arrest.  See
Arizona v. Gant, 129 S. Ct. 1710, 1723 (2009).  Absent these
justifications, a search of an arrestee’s vehicle will be unreasonable unless
police obtain a warrant or show that another exception to the warrant
requirement applies.  Id. at 1723–24.  One of these exceptions
authorizes police to search a vehicle if there is probable cause to believe the
vehicle contains evidence of criminal activity, even if the search is for
evidence unrelated to the offense of arrest.  Id. at 1721; see also
Neal v. State, 256 S.W.3d 264, 282 (Tex. Crim. App. 2008); Liffick v. State,
167 S.W.3d 518, 520 (Tex. App.—Houston [14th Dist.] 2005, no pet.).  Prior to
appellant’s apprehension, Castleberry positively identified appellant as one of
the men who abducted and robbed him.  Pastrana also identified appellant as the
person who delivered the stolen cargo trailer to the warehouse.  While
conducting a search incident to the arrest of the Escalade’s passenger, Buchert
discovered a lighter matching the one stolen from Castleberry.[2]  Because appellant
was identified as a party to Castleberry’s robbery and property matching an item
stolen from Castleberry was recovered from appellant’s passenger, the police
had probable cause to believe the Escalade could contain more evidence related
to the robbery, thus allowing the police to search “any area of the vehicle in
which the evidence might be found.”  See Gant, 129 S. Ct. at 1721; see
also, e.g., Neal, 256 S.W.3d at 282.  Thus, based on the
facts in the record, appellant’s warrantless arrest was legally justified, and
the evidence gathered after appellant’s arrest—both the physical evidence from
his vehicle and his custodial statement—was not obtained in a manner which violated
appellant’s Fourth Amendment rights.  See U.S. Const. amend. IV; Villarreal, 935 S.W.2d at 138
(stating that a trial court’s decision regarding a motion to suppress will be
upheld if it is correct on any applicable theory of law and is reasonably supported
by the evidence).  Therefore, we conclude that the trial court did not abuse
its discretion by denying appellant’s motion to suppress all of the evidence
collected after his warrantless arrest.  Appellant’s second issue is overruled.

                                                                                                                                                         
III.           
Conclusion

Because we have determined that the trial court did
not abuse its discretion by denying either of appellant’s motions to suppress,
we overrule each of appellant’s issues on appeal and affirm the judgment of the
trial court.  

 

                                                                                    

                                                                        /s/        Leslie
B. Yates

                                                                                    Justice

 

 

 

Panel consists of Justices
Yates, Frost, and Brown.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1] It is undisputed that no
warrant for appellant’s arrest was issued. 





[2] Although appellant’s
motion to suppress and appellate brief challenged the seizure of the lighter
from the passenger, appellant cannot challenge this search and seizure because
Fourth Amendment rights are personal rights that may not be vicariously asserted. 
Alderman v. United States, 394 U.S. 165, 174 (1969); see also Busby
v. State, 990 S.W.2d 263, 270 (Tex. Crim. App. 1999) (stating the Fourth
Amendment does not confer standing to challenge the search of a third party,
and ruling appellant could not challenge the search of a vehicle’s passenger).