

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-24-00437-CR

———————————————————

ESTEBAN HERNANDEZ, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. 1828166

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

A jury convicted Appellant Estaban Hernandez of manufacturing or delivering four grams or more but less than two hundred grams of a controlled substance under Penalty Group 1—cocaine—and assessed his punishment at life in prison. *See* Tex. Health & Safety Code Ann. §§ 481.102(3)(D) (Penalty Group 1), 481.112(d) (Offense: Manufacture or Delivery of Substance in Penalty Group 1). In accordance with the jury's verdict, the trial court sentenced Hernandez, and he appealed.

On appeal, in three points, Hernandez argues that (1) the trial court erred by denying his motion to suppress the evidence obtained by the warrantless search of his minivan because the automobile exception did not apply; (2) the trial court erred by denying his requested charge instruction regarding the minivan's warrantless search because whether the deputies acted lawfully depended on disputed factual issues; and (3) the trial court abused its discretion by denying his motion for mistrial after the State's first witness informed the jury that the police used Hernandez's GPS ankle monitor to locate him. We hold that the automobile exception applied, no disputed factual issues justified a jury instruction regarding the minivan's search, and the trial court's instruction to disregard cured any harm caused by the witness's remark. We overrule all three points and affirm the trial court's judgment.

## I. Background

Executing a warrant, deputies encountered Hernandez at a convenience store and, after a brief foot chase, arrested him. Parked in front of the convenience store was

2

a minivan that the deputies associated with Hernandez. Although Hernandez did not have the keys, a deputy found them after retracing Hernandez's flight path.[1]

When a deputy approached the minivan, he smelled a strong odor of marijuana and, from outside the vehicle, he observed a green leafy substance on the minivan's center console that he suspected was marijuana. Based on the same observations, and believing that he had probable cause, a deputy investigator conducted a warrantless search of the minivan and found, among other items, marijuana, a scale, empty baggies, small plastic baggies containing a white powdery substance, and an expired insurance card showing Hernandez and his mother as insured drivers of the minivan. The investigator testified that the scale and the empty baggies indicated a distributor. Testing determined that the white powdery substance in the baggies was cocaine and that it weighed about 43 grams, which the investigator asserted was more than a user amount.

## II. Discussion

### A. Motion to Suppress

In Hernandez's first point, he argues that the trial court erred by denying his motion to suppress—which it did without stating its reasoning—because the automobile exception did not support the minivan's warrantless search. Hernandez

---

[1]In a video taken after Hernandez's arrest, Hernandez told a deputy that he was not aware that he had lost the keys and that if he had been aware, he would have alerted the officers because the minivan was his mother's and because he did not want the officers to break the window; he also stated that his mother had let him drive the minivan that day.

argues that because the deputies conducted the search after his arrest and because they possessed the keys, the State did not have exigent circumstances justifying a warrantless search.[2] At trial, the State argued that it did not need to show exigent circumstances under the automobile exception. We agree with the State's position.

### 1. Standard of Review

We apply a bifurcated standard of review to a trial court's ruling on a motion to suppress evidence. *State v. Martinez*, 570 S.W.3d 278, 281 (Tex. Crim. App. 2019). Because the trial judge is the sole trier of fact and judge of the witnesses' credibility and the weight to be given their testimony, *Wiede v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim.

---

[2]Hernandez also argues that because no one saw him driving the minivan, the State failed to show that it was readily mobile. The State argues that Hernandez did not make that argument at trial, so he has not preserved it for appellate review. We agree. *See Arevalo v. State*, 675 S.W.3d 833, 845 (Tex. App.—Eastland 2023, no pet.) ("[T]he complaint and arguments raised on appeal must comport with and correspond to the objections made, if any, at trial or they are waived."). At trial Hernandez argued that exigent circumstances did not exist because the deputies had arrested him and had taken the keys. Hernandez did not challenge the mobility of the minivan itself. In any event, because the minivan was in the convenience-store parking lot at the same time as Hernandez, a factfinder could have reasonably inferred that the minivan did not drive itself there but that Hernandez had; thus, the vehicle was readily mobile. *See Liffick v. State*, 167 S.W.3d 518, 521 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (stating that the automobile exception applies when the vehicle is found stationary in a place not regularly used for residential purposes and is readily capable of being used on the highways (citing, among other cases, *California v. Carney*, 471 U.S. 386, 392–93, 105 S. Ct. 2066, 2070 (1985) (involving a fully mobile motor home located in a public place))); *see also Keehn v. State*, 279 S.W.3d 330, 335–36 (Tex. Crim. App. 2009) (holding that automobile exception applied to a van parked in driveway: "*Carney*'s reference to 'a place not regularly used for residential purposes' in no way stands as a per se bar on the application of the automobile exception to a vehicle parked in the driveway of a private residence.").

App. 2007), we defer almost totally to a trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on evaluating credibility and demeanor, but we review de novo application-of-law-to-fact questions that do not turn on credibility and demeanor, *Martinez*, 570 S.W.3d at 281.

When the record is silent on the reasons for the trial court's ruling, or when there are no explicit fact findings and neither party timely requested findings and conclusions from the trial court, we infer the necessary fact findings that would support the trial court's ruling if the evidence, viewed in the light most favorable to the trial court's ruling, supports those findings. *Johnson v. State*, 414 S.W.3d 184, 192 (Tex. Crim. App. 2013); *State v. Kelly*, 204 S.W.3d 808, 818–19 (Tex. Crim. App. 2006). We then review the trial court's legal ruling de novo unless the implied fact findings supported by the record are also dispositive of the legal ruling. *Kelly*, 204 S.W.3d at 819.

### 2. Legal Principles

The Fourth Amendment protects against unreasonable governmental searches and seizures. U.S. Const. amend. IV; *State v. Gonzales*, 676 S.W.3d 261, 265 (Tex. App.—Dallas 2023, no pet.). A warrantless search is generally per se unreasonable unless it falls within one of the few specifically defined and well-established exceptions to the warrant requirement. *Gonzales*, 676 S.W.3d at 265. One example is the automobile exception. *See Marcopoulos v. State*, 538 S.W.3d 596, 599 (Tex. Crim. App. 2017); *Gonzales*, 676 S.W.3d at 265.

Under that exception, law enforcement may search a vehicle without a warrant if the vehicle is readily mobile and if the officer has probable cause to believe that it contains contraband. *Keehn*, 279 S.W.3d at 335. "The automobile exception . . . does not require exigent circumstances." *Neal v. State*, 256 S.W.3d 264, 283 (Tex. Crim. App. 2008). Accordingly, although exigent circumstances do not exist, provided an officer has probable cause to believe that a vehicle contains contraband, the officer may search it. *Gonzales*, 676 S.W.3d at 265.

### 3. Application

Hernandez argues that the Texas Court of Criminal Appeals has suggested that exigent circumstances should sometimes be required even under the automobile exception. *See State v. Elias*, 339 S.W.3d 667, 678 (Tex. Crim. App. 2011). Although that argument has been suggested, Hernandez has not shown us where it has been successful,[3] and *Neal* remains controlling. *See Neal*, 256 S.W.3d at 283. The justification to search an automobile without a warrant "does not vanish once the car has been immobilized" and does not depend on "a reviewing court's assessment of the likelihood in each particular case that the car would have been driven away, or that its contents

---

[3]*Elias*'s discussion of the automobile exception is dicta; in *Elias*, the Texas Court of Criminal Appeals remanded the case so that the court of appeals could consider the automobile exception. *Id.* at 677–79. But the court of appeals did not do so. *See State v. Elias*, No. 08-08-00085-CR, 2012 WL 4392245, at *1–7 (Tex. App.—El Paso Sept. 26, 2012, pet. ref'd) (not designated for publication) (dealing instead with a collateral issue: whether the police can search a vehicle incident to an arrest).

6

would have been tampered with, during the period required for the police to obtain a warrant." *Michigan v. Thomas*, 458 U.S. 259, 261, 102 S. Ct. 3079, 3080–81 (1982).

Based on the automobile exception, the trial court did not err by denying Hernandez's motion to suppress. We overrule his first issue.

## B. Denial of Requested Jury Instruction Regarding the Search

In Hernandez's second point, he asserts that the trial court erred by denying his requested charge instruction because disputed factual issues determined whether the deputies acted lawfully when searching his minivan without a warrant. Hernandez argues that whether the deputies had exigent circumstances justifying a warrantless search was a factual issue because the deputies had secured the minivan before performing the search. *See* Tex. Code Crim. Proc. Ann. art. 38.23(a). Hernandez's arguments have no merit.

### 1. Standard of Review

When reviewing a jury charge, we first determine whether error occurred; if no error occurred, our analysis ends. *See Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012); *Cox v. State*, No. 02-24-00045-CR, 2025 WL 387811, at \*6 (Tex. App.—Fort Worth Jan. 30, 2025, pet. ref'd) (mem. op., not designated for publication). If error occurred, we then evaluate whether the harm caused by the error was sufficient to require reversal. *Kirsch*, 357 S.W.3d at 649; *Cox*, 2025 WL 387811, at \*6.

## 2. Legal Principles

Article 38.23 provides that no evidence obtained unlawfully may be admitted against an accused and that in any case where factual issues determine whether the evidence was obtained legally, "the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained." Tex. Code Crim. Proc. Ann. art. 38.23(a). Before an Article 38.23 jury instruction is required, three requirements must be met: (1) the evidence that the jury heard must raise a factual issue; (2) the evidence on that fact must be affirmatively contested; and (3) the contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence. *Madden v. State*, 242 S.W.3d 504, 509–11 (Tex. Crim. App. 2007).

The evidence raising a factual issue may be strong, weak, contradicted, unimpeached, or unbelievable. *Chambers v. State*, 663 S.W.3d 1, 11 (Tex. Crim. App. 2022) (op. on reh'g). It must also actively conflict with the State's assertion of a material fact. *Id.* at 11–12. When no affirmative evidence raises a contested factual issue or when the suppression question is one of law, nothing supports an Article 38.23 instruction. *Holmes v. State*, 248 S.W.3d 194, 199–200 (Tex. Crim. App. 2008); *Johnson v. State*, 692 S.W.3d 660, 664 (Tex. App.—Fort Worth 2023, pet. ref'd).

## 3. Application

The jury had no factual issues to resolve.

8

The evidence was undisputed that the deputy smelled marijuana and saw marijuana, baggies, and scales inside the minivan. For probable-cause purposes, the deputy did not have to know with absolute certainty that the marijuana was illegal or that the baggies and scales were being used for illegal purposes. Probable cause deals with probabilities, not hard certainties. *Gonzales*, 676 S.W.3d at 268–69; *Williams v. State*, No. 14-00-00204-CR, 2001 WL 950700, at *3 (Tex. App.—Houston [14th Dist.] Aug. 23, 2001, pet. ref'd) (not designated for publication) ("Probable cause does not require absolute certainty."). Probable cause exists when reasonably trustworthy facts and circumstances within the officer's knowledge would lead a reasonably prudent person to believe that a search will reveal the instrumentality of a crime or evidence pertaining to a crime. *Gonzales*, 676 S.W.3d at 268. Because the evidence was not disputed, whether it amounted to probable cause was a legal question for the trial court. *See Traylor v. State*, No. 09-22-00406-CR, 2024 WL 697688, at *7 (Tex. App.—Beaumont Feb. 21, 2024, no pet.) (mem. op., not designated for publication).

Similarly, the parties did not dispute that the deputies conducted the search after arresting Hernandez. But as a legal matter, despite the deputies' conducting the search after the arrest, the automobile exception applies. *See Thomas*, 458 U.S. at 261, 102 S. Ct. at 3080–81; *Neal*, 256 S.W.3d at 283; *Edmond v. State*, No. 02-19-00038-CR, 2019 WL 5996988, at *4-5 (Tex. App.—Fort Worth Nov. 14, 2019, no pet.) (mem. op., not designated for publication).

Because the jury had no factual issue to resolve, the trial court did not err by denying Hernandez's requested instruction. We overrule his second point.

## C. The GPS Ankle Monitor

In Hernandez's third point, he maintains that the trial court abused its discretion by denying his motion for mistrial after the State's first witness informed the jury that the police used Hernandez's GPS ankle monitor to locate him. Because the trial court's instruction to disregard cured any error, we hold that the trial court did not abuse its discretion by denying Hernanadez's motion for mistrial.

### 1. The Testimony

The State's first witness, Officer Riki Russell, testified that she was familiar with Hernandez, that she was aware that Hernandez had an active warrant, and that her position enabled her to have Hernandez's location.[4] Officer Russell said that she passed her information on to the sheriff's warrant division. The prosecutor then asked her whether she provided the warrant division with very specific or very general information about Hernandez's location, and she responded, "It depends, but it's usually very specific to an address where they are currently -- where their GPS is showing them to be." Hernandez promptly objected and moved for a mistrial.

After hearing the parties' arguments, the trial court stated, "I'm going to deny your motion for mistrial. However, it's up to you if you want a limiting instruction,

---

[4]Officer Russell did not elaborate on what law-enforcement position she held.

10

because I will give a limiting instruction if you request that." Hernandez responded that he wanted an instruction, and when the trial resumed, the trial court gave the following instruction to the jury: "[T]he Defense has objected to the last question[,] and the Court has sustained that objection, and I have the following instruction for you: You are to disregard the last answer that was given by this witness."

## 2. Standard of Review

We review the denial of a motion for mistrial for an abuse of discretion; if the ruling was within the zone of reasonable disagreement, we must uphold it. *Coble v. State*, 330 S.W.3d 253, 292 (Tex. Crim. App. 2010); *Sly v. State*, No. 02-23-00198-CR, 2024 WL 2347676, at *3 (Tex. App.—Fort Worth May 23, 2024, pet. ref'd) (mem. op., not designated for publication). A mistrial is warranted only in extreme circumstances of highly prejudicial and incurable errors. *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009); *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). When reviewing whether a mistrial was warranted, we balance three factors: (1) the misconduct's severity (the magnitude of the testimony's prejudicial effect); (2) the measures taken to cure the misconduct (the efficacy of any cautionary instruction by the judge); and (3) the conviction's certainty absent the misconduct (the strength of the evidence supporting the conviction). *Archie v. State*, 221 S.W.3d 695, 700 (Tex. Crim. App. 2007); *Sly*, 2024 WL 2347676, at *3; *McDonnell v. State*, 674 S.W.3d 694, 699 (Tex. App.—Houston [1st Dist.] 2023, no pet.).

11

Ordinarily, a prompt instruction to disregard will cure any error associated with an improper question and answer. *Ovalle v. State*, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000). Courts presume a jury follows an instruction to disregard unless something in the record contradicts that presumption. *Coble*, 330 S.W.3d at 292–93; *Sly*, 2024 WL 2347676, at *3.

### 3. Analysis

Regarding the first factor, Officer Russell's comment was not so severe as to warrant a reversal. She had already told the jury that Hernandez had a warrant and that her role was to help the warrant division execute the warrant. The jury thus already knew that Hernandez had a criminal matter of some sort that had resulted in a warrant. *See Redman v. State*, No. 01-19-00680-CR, 2021 WL 1133151, at *4 (Tex. App.—Houston [1st Dist.] Mar. 25, 2021, no pet.) (mem. op., not designated for publication). Error in admitting improper evidence is harmless if the same or similar evidence is admitted without objection elsewhere. *Tharp v. State*, 714 S.W.3d 118, 140 (Tex. App.—Austin 2024, no pet.).

Regarding the second factor, the trial court instructed the jury to disregard Officer Russell's last answer. A prompt instruction to disregard usually cures any error associated with an improper question and answer. *See Ovalle*, 13 S.W.3d at 783; *Jackson v. State*, 287 S.W.3d 346, 354 (Tex. App.—Houston [14th Dist.] 2009, no pet.) ("Unless clearly calculated to inflame the minds of the jury or of such damning character as to make it impossible to remove the harmful impression from the jurors' minds, a

12

witness's reference to a defendant's criminal history, standing alone, generally is cured by a prompt instruction to disregard."). Hernandez argues that the record rebuts the presumption that the jury followed the trial court's instruction because during deliberations, the jury sent a note requesting the dash-cam video that showed a deputy's first encountering him at the convenience store. Hernandez maintains that the jury might have requested the video to see if he was wearing an ankle monitor. Hernandez's argument is speculation. *See Balderas v. State*, 517 S.W.3d 756, 782–91 (Tex. Crim. App. 2016). "In order to presume a motive behind the jury's question, we would have to indulge in speculation, and we will not." *Cox v. State*, 931 S.W.2d 349, 353 (Tex. App.— Fort Worth 1996) (involving a jury note asking why the defendant was wearing a security leg brace), *pet. dism'd, improvidently granted*, 951 S.W.2d 5 (Tex. Crim. App. 1997). Moreover, the video does not support that argument. The jury viewed the video during trial. The jury thus knew that when Hernandez appears in the video, he is far away— too far away to tell whether he is wearing an ankle monitor. The record thus does not rebut the presumption that the jurors were able to follow the instruction. *See Coble*, 330 S.W.3d at 292–93.

And regarding the third and final factor, Officer Russell's comment did not undermine the conviction's certainty. Her comment went to how she was able to locate Hernandez, not to whether he had committed the indicted offense. And to the extent she informed the jury of Hernandez's criminal history, the jury was already aware of the arrest warrant. *See Tharp*, 714 S.W.3d at 140; *Redman*, 2021 WL 1133151, at *4.

13

We hold that the trial court did not abuse its discretion by denying Hernandez's motion for mistrial and overrule his third point.

## III. Conclusion

Having overruled Hernandez's three points, we affirm the trial court's judgment.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 26, 2025